IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KIM WRIGHT and JODY OYEN, )
)
                              Plaintiffs, )
)
   vs. )
)
STATE FARM FIRE AND CASUALTY )
COMPANY, )
) No. 3:19-cv-0323-HRH
                              Defendant. )
_____)

O R D E R

Motion to Compel Insurance Policy Appraisal
and to Stay Action Pending Appraisal

Plaintiffs Kim Wright and Jody Oyen move to compel an insurance policy appraisal and to stay this action pending appraisal.[1]  This motion is opposed by defendant State Farm Fire and Casualty Company.[2]  By order of June 6, 2023,[3] the court granted plaintiffs' request for oral argument prior to completing its preliminary review of the instant motion.  The court stated that it would schedule oral argument once its preliminary review was complete.  Having now completed its review of plaintiffs' motion to compel, the court finds that the

---

[1]Docket No. 68.

[2]Docket No. 82.

[3]Docket No. 90.

request for oral argument was improvidently granted. The instant motion does not raise any issues that would benefit from oral argument, and oral argument will not be scheduled.

Discussion

Plaintiffs' home, which is located at 4034 North Point Drive in Anchorage, Alaska, was damaged in a severe wind storm on April 24, 2018.[4] More specifically, "a sizeable portion of the roof" was blown off.[5] Plaintiffs were insured by defendant under a Homeowners Insurance policy.[6] Plaintiffs reported the damage to their home to defendant on April 25, 2018.[7] Plaintiffs allege that because defendant either refused to have repairs made to the roof or the repairs that were made were faulty, "black mold spread throughout the [h]ome"[8] and the house eventually had to be torn down. Defendant, however, contends that "it was within [p]laintiffs' sole authority to undertake the actual repairs to the home, as well as to hire a mitigation company to address the immediate effects of the damage."[9]

---

[4]Complaint [etc.] at 2, ¶ 7, Exhibit 1, Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal, Docket No. 69.

[5]Id.

[6]Id. at 2, ¶ 5.

[7]Id. at 2, ¶ 9.

[8]Id. at 4, ¶¶ 22-24.

[9]Opposition to Plaintiffs' Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal at 3-4, Docket No. 82.

-2-

Plaintiffs' homeowners' policy with defendant provided coverage for the dwelling (Coverage A), personal property (Coverage B), and loss of use or additional living expenses (Coverage C).[10] Defendant has paid $420,697.32 under Coverage A, $10,614.21 under Coverage B, and $63,119.47 under Coverage C. Plaintiffs, however, "dispute [defendant's] valuation of [their] [c]laim ... and contend that hundreds of thousands of dollars are still owed."[11]

By May 16, 2019, plaintiffs had retained counsel to assist them with their claim.[12] And, on December 9, 2019, plaintiffs commenced this action. In their complaint, plaintiffs assert a claim for breach of contract, a claim for breach of the implied covenant of good faith and fair dealing, and claims for unfair claims settlement acts.

By order of November 15, 2021,[13] fact discovery was scheduled to close September 30, 2022, and expert discovery was to close on November 11, 2022. The dispositive motion deadline was January 17, 2023.[14] In November 2022, the parties notified the court that they

---

[10]Exhibit C at 9, 12, Opposition to Plaintiffs' Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal, Docket No. 82.

[11]Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal at 2-3, Docket No. 69,

[12]Exhibit N, Opposition to Plaintiffs' Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal, Docket No. 82.

[13]Docket No. 42.

[14]Docket No. 54.

had scheduled a mediation to be held in March 2023.[15] On March 28, 2023, the parties advised the court that the mediation had failed, that discovery had been concluded, and that new deadlines for the filing of dispositive motions and motions related to expert witnesses were needed.[16]

On April 18, 2023, plaintiffs filed the instant motion, in which they seek to compel an appraisal and to stay this action pending said appraisal.

## Discussion

Under Alaska law, "a policy providing property coverage ... must include an appraisal clause providing a contractual means to resolve a dispute between the insured and the insurer over the value of a covered first party loss for real property, personal property, business property, or similar risks." AS 21.96.035. Plaintiffs' insurance policy contained an appraisal clause which provided, in relevant part, that

> [i]f **you** and **we** fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only **you** or **we** may demand appraisal. A demand for appraisal must be in writing. **You** must comply with **SECTION I - CONDITIONS, Your Duties After Loss** before making a demand for appraisal.[17]

---

[15]Docket No. 55.

[16]Docket No. 59.

[17]Exhibit C at 24, Opposition to Plaintiffs' Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal, Docket No. 82.

-4-

The appraisal clause further provides that "[a] party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss."[18] Because plaintiffs filed suit several years prior to bringing the instant motion to compel an appraisal, it would appear that they are precluded from seeking an appraisal.

Plaintiffs, however, argue that they are not precluded from seeking an appraisal even though they filed suit against defendant in 2019. First, plaintiffs argue that they are not precluded from seeking an appraisal because Kenneth Simpson, one of defendant's claims representatives, misrepresented the scope of their appraisal rights in a December 10, 2018, letter. In that letter, Simpson was responding to a November 28, 2018, email from plaintiffs,[19] and he wrote:

> We are unsure what "appeal" process you are referencing. The Homeowners policy does include a clause for appraisal if you and we fail to agree on the amount of loss and the policy requires that you must comply with SECTION I - CONDITIONS, Your duties After Loss before demanding appraisal. Appraisal can be utilized to address a pricing difference (i.e., it will cost $X to repair an item of damage versus costing $Y), but does not apply to issues regarding policy coverage or the scope of the damages.[20]

---

[18]Id. at 25.

[19]This email is not part of the record before the court.

[20]Exhibit 10 at 1, Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal, Docket No. 69.

Plaintiffs argue that Simpson was rendering a legal opinion as to their appraisal rights under the policy and under AS 21.96.035 and that based on his representations in the December 10, 2018, letter, they believed that their only recourse was to file the instant lawsuit.

Simpson did not misrepresent the scope of plaintiffs' appraisal rights in the December 10, 2018, letter. But even if he had, plaintiffs would still not be entitled to seek an appraisal based on a claim of misrepresentation. In order to make out a claim of misrepresentation, plaintiffs would have to show that their reliance on Simpson's statements was justifiable. See Anchorage Chrysler Center, Inc. v. DaimlerChrysler Motors Corp., 221 P.3d 977, 987–88 (Alaska 2009) (citation omitted) ("justifiable reliance by the recipient" is a necessary element of an intentional misrepresentation claim); Willard v. Khotol Services Corp., 171 P.3d 108, 118 (Alaska 2007) (citation omitted) ("the plaintiff must show justifiable reliance on the false information" to make out a claim for negligent misrepresentation). Given that plaintiffs had retained counsel several months prior to filing their suit against defendant, plaintiffs could not possibly show that their reliance on Simpson's statements regarding the scope of the appraisal clause in the policy was justified. Simpson's letter was dated December 10, 2018. Plaintiffs retained counsel approximately five months later in May 2019 and did not file suit until December 9, 2019, almost one year after Simpson's letter. Plaintiffs' attorney should have, and could have, corrected any mistaken belief plaintiffs held about their appraisal rights prior to commencing this action.

Next, plaintiffs argue that AS 21.96.035 mandates that disputes over the amount of loss in first party insurance claims must be resolved by the appraisal process. This argument seems to be based on the fact that AS 21.96.035 is entitled "mandatory appraisal." But, what is mandatory under AS 21.96.035 is the inclusion of an appraisal clause in certain insurance policies. AS 21.96.035 does not require that the parties to an insurance contract use the appraisal process any time there is a dispute over the amount of loss. Rather, the statute provides that "[i]f the insured and the insurer fail to agree on the amount of a covered first party loss, either <u>may</u> make written demand upon the other to submit the dispute for appraisal." AS 21.96.035 (emphasis added). "[T]he term 'may' generally denotes permissive or discretionary authority and not a mandatory duty." <u>Gerber v. Juneau Bartlett Memorial Hosp.</u>, 2 P.3d 74, 76 (Alaska 2000). Plaintiffs' insurance policy, consistent with AS 21.96.035, gave them the right to seek an appraisal to resolve any disputes they had with defendant over the amount of their losses, provided that they sought an appraisal prior to filing suit against defendant. Contrary to plaintiffs' contention, the policy does contain a restriction "as to the time frame for requesting an appraisal."[21] The policy expressly provides that a party may not request an appraisal once that party has filed suit against the other party. Here, plaintiffs filed suit in 2019 and did not make their demand for an appraisal until 2023,

---

[21] Plaintiffs' Reply in Support of Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal at 3, Docket No. 87.

which was after the case development process was completed except for the filing of dispositive motions.

Finally, plaintiffs argue that many of the provisions in the appraisal clause in their policy violate AS 21.96.035 and are therefore void. Of import here, they argue that the provision that precludes a party from seeking an appraisal if that party has already filed suit contravenes AS 21.96.035. Plaintiffs argue that this provision "is clearly contrary to the intent and express language of AS 21.96.035."[22] Plaintiffs insist that nothing in AS 21.096.35 precludes a party from seeking an appraisal if that party has previously filed suit against the other party.

This argument fails. As even plaintiffs point out, "the appraisal process mandated by statute and contained in [a] homeowner's policy" is intended to be "a 'substitute for judicial determination of a dispute concerning the amount of a loss,' which is 'a simple and inexpensive method for the prompt adjustment and settlement of claims.'" Auto-Owners Ins. Co. v. Kwaiser, 476 N.W.2d 467, 469 (Mich. Ct. App. 1991) (quoting Thermo–Plastics R & D, Inc. v. General Accident Fire & Life Assurance Corp., 202 N.W.2d 703 (Mich. Ct. App. 1972)). Filing a lawsuit, such as plaintiffs have done here, entirely defeats the purpose of the appraisal process. Thus, the provision in the appraisal clause that prevents a party from seeking an appraisal once that party has filed suit is not contrary to AS 21.96.035 and

---

[22]Plaintiffs' Reply in Support of Motion to Compel Insurance Policy Appraisal and to Stay Action Pending Appraisal at 10, Docket No. 87.

-8-

Case 3:19-cv-00323-HRH   Document 93   Filed 07/11/23   Page 8 of 9

is not void. Having filed suit against defendant in 2019 and having litigated this case through and including the completion of discovery, plaintiffs are precluded from now seeking an appraisal.

Because the provision in the appraisal clause that pertains to filing a lawsuit applies here and is not void, there is no need for the court to consider defendant's argument that plaintiffs have waived their right to seek an appraisal. Plaintiffs are precluded from seeking an appraisal because they filed the instant lawsuit, not because they have waived their right to seek an appraisal by their conduct. In addition, there is no need for the court to consider defendant's argument that plaintiffs failed to comply with the conditions precedent for seeking appraisal or plaintiffs' argument that many of these conditions precedent contravene AS 21.96.035 and thus are void. Because plaintiffs are precluded from seeking an appraisal, it is irrelevant whether these other provisions are void or whether plaintiffs complied with them if they are not void. Finally, because plaintiffs are precluded from seeking an appraisal, the court need not consider the parties' somewhat lengthy arguments regarding the scope of an appraisal and whether appraisers can deal with coverage issues.

## Conclusion

Based on the foregoing, plaintiffs' motion to compel an insurance policy appraisal and to stay this action pending appraisal is denied.

DATED at Anchorage, Alaska, this 11th day of July, 2023.

/s/ H. Russel Holland
United States District Judge